[No. A047055. First Dist., Div. Two. Aug. 23, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL THOMPSON, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

* Pursuant to California Rules of Court, rules 976.1 and 976(b), this opinion is certified for publication with the exception of parts I, III and IV.

R. Stevens Condie, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Herbert F. Wilkinson and Stan M. Helfman, Deputy Attorneys General, for Plaintiff and Respondent.

**BENSON, J.**—Defendant Michael Thompson appeals from his conviction of two counts of assault with a deadly weapon by means likely to produce great bodily harm, with one enhancement for personal use of a deadly and dangerous weapon, and of misdemeanor battery. Appellant contends the trial court erred by imposing a one-year consecutive sentence on one of the assault convictions. We affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 15, 1989, Raymond Tom, his father, Shee Tom, his mother, Ngan Tom, and his grandmother, Rui Yu, were in the family's restaurant (Tom's Chinese Restaurant) in Oakland. At approximately 11 p.m., they heard a loud banging on one of the walls. Raymond Tom went to the window to investigate, but could see nothing. Because it was late in the

evening, Raymond armed himself with a baseball bat and stepped out the back door, holding it open with one leg.

As the loud banging continued, Raymond looked out the door and saw appellant and two companions standing about six feet away. Two were banging on the wall of the restaurant. Holding the bat down at his side, Raymond told them to stop. One of the three replied, "We like to bang. What can you do about it?" As Raymond turned to go back into the restaurant, appellant struck him in the face, banging his head against the door. Raymond raised the bat to defend himself, but was grabbed from behind and held by one of appellant's companions.

Raymond's mother screamed and Raymond's father, Shee Tom, came outside to help his son. He took the bat from his son's hands, held it up to frighten appellant and his companions, and then tried to pull Raymond back inside. Appellant then punched Shee Tom, knocked him to the ground, stomped on his arm to wrest away the bat, and kicked him while he was down on the sidewalk.[1] At that point, Ngan Tom came out and tried to help her husband, but appellant pushed her to the ground.[2] Appellant then raised the bat to strike Shee Tom. As Raymond Tom's grandmother, Rui Yu, rushed over, appellant raised the bat again and hit her over the head, rendering her unconscious. Appellant ran when one of his companions told him the police were coming.

After his arrest, appellant was charged with robbing Shee Tom (Pen. Code, § 211) and assaulting Raymond Tom, Shee Tom, and Rui Yu with a deadly weapon (the baseball bat) by a means likely to produce great bodily injury (three separate counts under Pen. Code, § 245, subd. (a)(1).) Enhancements were added to each of the assault charges for personal use of a deadly and dangerous weapon. (Pen. Code, §§ 1192.7, subd. (c)(23); 12022, subd. (d).) Two additional enhancements, for intentional infliction of great bodily injury (Pen. Code, § 12022.7) and injuring a victim over 60 years old (Pen. Code, § 1203.09, subd. (f)), were alleged based on the assault on Rui Yu.

Appellant was acquitted on the robbery charge and convicted of the lesser included offense of misdemeanor battery on Raymond Tom. (Pen. Code, § 242.) He was convicted of assaulting Shee Tom with a deadly weapon, but the jury found the special allegation of personal use of a deadly

---

[1] Shee Tom testified appellant hit him with the bat while he was down. However, the jury found appellant did not personally use a bat during his assault on Tom. Shee Tom also testified that appellant rolled him over on the sidewalk and stole his wallet. Appellant denied doing so, and the jury acquitted him on the charge.

[2] No charges were filed against appellant for his admitted assault on Ngan Tom.

and dangerous weapon to be untrue. Appellant was also convicted of assaulting Rui Yu with a deadly weapon, the jury finding he had personally used a deadly and dangerous weapon. The jury, however, found the enhancements for great bodily injury and victim over age 60 to be untrue.[3]

The trial court sentenced appellant to a total of five years imprisonment, stating the following reasons for its sentencing choices: "The court is aware that District Attorney feels probation is not allowed, but I'll assume that it is rather than worry about the propriety of that. I would state for the record that even if probation is a factor that would be available for the court's consideration, based on the defendant's serious past record, especially the fact that he was on a CYA parole at the time, the court would not grant probation and probation would be refused for that reason if no other.

"The court's opinion is that while it's not something that could be aggravated because of the lack of planning, I just can't call this a mitigated offense when we're talking about the type of situation we have here. And the court will choose the midterm of three years on count four as against the older woman victim, the mother, and to that the court will impose one year for use of a deadly or dangerous weapon as found by the jury.

"And as to the second count, as to the father who was kicked and beaten by the defendant, the court would impose one-third of the midterm and would impose that consecutively on the basis that there were separate acts of violence, one with a weapon, a bat, and the other was kicking as well as a bat involved, plus we do have an aged victim here, even though it was not found by the jury for some reason, and there is a very definite pattern of violence by the defendant through his history. And for that reason that would be three plus one plus one for five years in state prison." Sentence on the misdemeanor battery charge was suspended.

## DISCUSSION

The sole issue on appeal is whether the trial court relied on valid criteria in imposing a one year consecutive sentence for appellant's felony assault of Shee Tom. Appellant argues each of the reasons stated was either contrary to the jury's verdict, not present, or not properly within the scope of

---

[3] There was substantial and undisputed evidence Rui Yu was between 72 and 75 years old. Both appellant and his counsel in fact referred to her as being an elderly woman in her 70's. The jury found she was not aged 60 or older at the time of the offense, however, after being instructed it could only find the enhancement true if appellant knew or reasonably should have known she was that old.

California Rules of Court, rule 425,[4] which sets forth the criteria for imposing consecutive terms.

## I.*

. . . . . . . . . . . . . . . . . . .

## II.

### *Pattern of Violent Conduct*

■    The trial judge also based the consecutive sentences on his finding that appellant demonstrated a "very definite pattern of violence . . . through his history." (Rules 421(b)(1) and 425(b).) Appellant contends the record demonstrates no such pattern.

As a juvenile, appellant was arrested in 1985 and charged with forcible rape (Pen. Code, § 261, subd. (2)), oral copulation (Pen. Code, § 288a), and sodomy (Pen. Code, § 286). He was subsequently convicted of forcible rape and sodomy. These prior offenses, as appellant concedes, are violent crimes. When coupled with appellant's battery on Raymond Tom, felony assaults of Raymond's father and grandmother (the latter involving use of a baseball bat), and uncharged assault on Raymond's mother, a pattern of violence is readily apparent.

Appellant argues it is inappropriate to consider the instant offenses in determining whether a pattern of violence exists. However, the courts have considered the offenses at hand when determining whether there is a pattern of violence. For example, in *People* v. *Sanchez* (1982) 131 Cal.App.3d 718 [182 Cal.Rptr. 671], the defendant committed three separate sex offenses against a single victim over several hours. Looking only to the facts of the charged offenses, the court held that "[s]uch a pattern of violence is more than adequate to support the consecutive sentences meted out in this case." (*Id.* at p. 738; see also *People* v. *Lutz* (1980) 109 Cal.App.3d 489, 495-496 [167 Cal.Rptr. 309] [not unreasonable to conclude defendant displayed a history of violent conduct, based on prior armed robbery, drunk driving, and drug convictions, "particularly when combined with the violent nature of the present offense" of assault].)

Nothing in the language of rule 421(b) suggests the trial judge must ignore the instant offenses when determining whether a pattern of violence

---

[4] All further references to rules are to the California Rules of Court.

\* See footnote, *ante*, page 1647.

exists. To the contrary, the most accurate method for making such a determination is to consider all of the defendant's conduct, including his most recent violent acts. It would be unreasonable to wait until a defendant commits a third set of violent crimes before the pattern can be recognized and given an effect on sentencing. Appellant's two prior sex crimes, when combined with his three charged assaults, constitute a pattern of violence which justifies consecutive sentences.

III., IV*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

DISPOSITION

The judgment is affirmed.

Smith, Acting P. J., and Peterson, J., concurred.

---

*See footnote, *ante,* page 1647.